1  **JEFFREY J.A. HINRICHSEN, ESQ., SBN 204269**
   **THARPE & HOWELL**
2  **770 L Street, Suite 950**
   **Sacramento, California 95814**
3  **Telephone: (916) 449-3995**
   **Facsimile: (916) 449-8275**
4
   **Attorneys for**
5  **CENTURY BANK, FSB**

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES OF AMERICA,                )    Case No. C-07-3874 RMW
                                            )
11              Plaintiff,                   )
                                            )
12 v.                                        )
                                            )
13 REAL PROPERTY AND                         )    **ANSWER TO GOVERNMENT'S**
   IMPROVEMENTS LOCATED AT 205 SE            )    **COMPLAINT FOR FORFEITURE AND**
14 SPANISH TRAIL, BOCA RATON,                )    **STATEMENT OF CLAIM**
   FLORIDA,                                  )
15              Defendants.                  )
   _____    )
16

17      **ANSWER AND AFFIRMATIVE DEFENSES AND STATEMENT OF CLAIM OF**

18                          **CENTURY BANK, FSB**

19         Century Bank, FSB (hereafter, "Century Bank") appears in this matter and files this Answer

20 and Statement of Claim as follows:

21                       **INTRODUCTION AND OVERVIEW**

22         Century Bank is a federally chartered savings bank, and holds the first mortgage on property

23 located at 205 SE Spanish Trail, Boca Raton, Florida (copy attached hereto as Exhibit A).  This

24 property is subject to Plaintiff's civil forfeiture action in this matter.

25         Plaintiff defines this case as a "in rem forfeiture action" (See Complaint for Forfeiture at

26 opening paragraph) and accordingly, 18 U.S.C.A. §983 titled "General rules for civil forfeiture

27 proceedings" governs this matter.

28
                                    - 1 -
   **ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

1    In summary, the civil forfeiture statute, 21 U.S.C. §881(a)(7), authorizes the Government to
2    institute forfeiture proceedings against real property that is used to commit and/or to facilitate the
3    commission of a drug felony.  Whereas, 18 U.S.C. §981(a)(1)(A) provides for the forfeiture of real
4    property involved or traceable to a transaction in violation of 18 U.S.C. §1956 and 1957, which in
5    turn deal with "Laundering of monetary instruments" and "Engaging in monetary transactions in
6    property derived from specified unlawful activity" respectively. Furthermore, 18 U.S.C. §1956 and
7    1957 both specify Section 846, which prohibits "the attempting or conspiring to distribute and
8    possess with the intent to distribute a controlled substance", as an unlawful activity. Nevertheless,
9    even assuming that the present action was properly brought under 21 U.S.C. §881(a)(7) and 18
10   U.S.C. §981(a)(1)(A) Century Bank's interest in the property is not subject to forfeiture because
11   Century Bank is an "innocent owner".

12   Both section 881 and section 981 are subject to the standards set forth in the Civil Asset
13   Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983. See *United States v. 144,774 Pounds*
14   *of Blue King Crab*, 410 F.3d 1131. Enacted in 2000, the Civil Asset Forfeiture Reform Act
         770 L Street, Suite 950 Sacramento, Ca
15   ("CAFRA") sets forth the procedures used in all civil forfeitures under federal law unless the
16   particular forfeiture statute is specifically exempted in 18 U.S.C. § 983(i)(2). *Id.* at 1134.  Neither
17   section 881 nor 981 are exempted under 18 U.S.C. § 983(i)(2).

18   Under §983(c), the Government has the initial burden of proving by a preponderance of the
19   evidence that the property is subject to forfeiture.  *Id*. Where the Government's theory of forfeiture
20   is that the property was used to facilitate the commission of a crime, "the Government shall establish
21   that there was a substantial connection between the property and the offense."  *Id.*; 18 U.S.C.
22   §983(c)(3). More importantly, § 983(d) provides for the "innocent owner" defense to a civil
23   forfeiture

24   Title 18 U.S.C.A. §983(d)(1) provides that "An innocent owner's interest in property shall
25   not be forfeited under any civil forfeiture statute". The statute defines an "owner" as "a person with
26   an ownership interest in the specific property sought to be forfeited, including a leasehold, lien,
27   **mortgage**, recorded security interest, or valid assignment of an ownership interest; and…"(emphasis
28   added). Id. at §983(d)(6)(A).  Furthermore, § 983(d)(3) defines "an "innocent owner" as "a person

- 2 -

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

1  who, at the time that person acquired the interest in the property (i) was a bona fide purchaser or

2  seller for value . . . ; and (ii) did not know and was reasonably without cause to believe that the

3  property was subject to forfeiture."

4        Accordingly, Century Bank is clearly an "owner" as defined by §983(d)(6)(A)" and is able

5  to maintain the protections afforded it under 18 U.S.C.A. §983, and furthermore, Century Bank is

6  an "innocent owner" as that term is used in 18 U.S.C.A. §983(d)(1), and as such, Century Bank's

7  interest is not subject to forfeiture. Century Bank recorded its mortgage on December 21, 2006 (See

8  Palm Beach County Records document attached hereto as Exhibit A).  The United States of America

9  recorded its lis pendens on August 1, 2007 (See United States of America's Lis Pendens recorded

10  with the Palm Beach County Clerk & Comptroller attached hereto as Exhibit B). County Records

11  document attached hereto as Exhibit B).  The United States of America's lis pendens states that "the

12  defendant real property is subject to forfeiture, pursuant to Title 18, United States Code, Section

13  981(a)(1)(A) as property involved in or traceable to a transaction or attempted transaction in

14  violation of Title 18, United States Code, Section 1956 and 1957 and Title 21, United States Code,

15  Section 881(a)(6)".

770 L Street, Suite 950 Sacramento, Ca

16        To the extent there is any dispute regarding priority in this matter, state law applies because

17  "in drug forfeiture actions, ownership of property is determined by state law." See *United States v.*

18  *Ranch Located in Young, Arizona*, 50 F.3d 630, 632 (9th Cir. 1995); see also *United States v. Yazell*,

19  382 U.S. 341, 352-53, 15 L. Ed. 2d 404, 86 S. Ct. 500 (1965).Moreover, because the property that

20  is the subject of this forfeiture action is located in Florida, under federal choice of law Florida state

21  law applies. *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004); see also

22  *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995) .As such, because Century Bank's mortgage is a

23  purchase money mortgage, and was recorded earlier in time to that of The United States of America,

24  pursuant to Florida state law, any interest of The United States of America is subordinate and inferior

25  to the lien of Century Bank's mortgage. *Sarmiento v. Stockton, Whatley, Davin & Co., Inc.*, 399 So.

26  2d 1057 (Fla. 3rd DCA 1963); *United States v. First Federal Savings and Loan Association of St.*

27  *Petersburg*, 155 So. 2d 192 (Fla. 2nd DCA 1963).

28  ///

- 3 -

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

The Florida Supreme Court has stated the well-established rule governing priority of lien interests as "first in time is first in right". *Holly Lake Ass'n v. Federal Nat. Mortg. Ass'n*, 660 So.2d 266,268 (Fla.1995). The "the first in time is the first in right" rule has been applied and upheld by numerous other courts. *See Walter E. Heller & Co. Southeast, Inc. v. Williams*, 450 So.2d 521, 532 (Fla. 3d DCA 1984), *review denied*, 462 So.2d 1108 (Fla.1985); *quoting United States v. City of New Britain*, 347 U.S. 81, 85, 74 S. Ct. 367, 370, 98 L.Ed. 520, 525-526 (1954); *United States v. Atlantic Municipal Corp.*, 212 F.2d 709 (5th Cir.1954); *United States v. First Federal Savings & Loan Ass'n*, 155 So.2d 192 (Fla. 2d DCA 1963); *Richardson Tractor Co. v. Square Deal Machinery & Supply Co.*, 149 So.2d 388 (Fla. 2d DCA 1963). *Cf. Department of Revenue v. Potamkin Dodge, Inc.*, 442 So.2d 287 (Fla. 3d DCA 1983). Similarly, in *National Loan Investors, L.P. v. Burgher*, 742 So.2d 406 (Fla. 4th DCA 1999), the court quoted *People's Bank of Jacksonville v. Arbuckle*, 82 Fla. 479, 90 So. 458 (1921), where the Florida Supreme Court held that "**[t]he recording of [a] mortgage affords notice thereof to all concerned, and gives it priority over all liens accruing thereafter**." *Id*. at 460 (Emphasis added).Thus, because Century Bank's interest in the property under CAFRA arose well before the Government's interest in the matter, Century Bank's interest is not subject to forfeiture.

770 L Street, Suite 950 Sacramento, Ca

THARPE & HOWELL

Furthermore, the lis pendens also provides that "The owner of record to the defendant property is Michael James Arnold". *Id*. Although the United States of America's forfeiture complaint alleges that Michael Arnold, participated in a conspiracy to distribute Schedule III and IV controlled substances since "at least 2003", it does not allege that Mr. Arnold was indicted or arrested, or that the government investigation of Mr. Arnold was public knowledge. Thus, at the time Century Bank issued its note and recorded its mortgage, no action was pending, no indictments had been issued, and the United States of America had no interest in the property Century Bank holds a mortgage on.

Thus, Century Bank was a bona fide purchaser for value, with regard to its mortgage interest, because it did not know and was reasonably without cause to believe that the property was or would be subject to forfeiture; and Century Bank did not know of any criminal or illegal conduct with regard to the loan transaction. Century Bank had never been part of any illegal drug activity and had

- 4 -

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

never witnessed any taking place.  Of note, the United States of America has not alleged that Century Bank had any wrongdoing in this matter.

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED VERIFIED COMPLAINT FOR FORFEITURE IN REM

Claimant restates the allegations of the Introduction and Overview sections, above, for each numbered paragraph below and for each affirmative defense.

1.    This action speaks for itself.  Specifically denied that any interest of The United States of America is superior to that of Century Bank.

2.    Admit

3.    Without knowledge, therefore denied.  Specifically denied that any interest of The United States of America is superior to that of Century Bank.

4.    Without knowledge, therefore denied.  Specifically denied that any interest of The United States of America is superior to that of Century Bank.

5.    Without knowledge, therefore denied.  Specifically denied that any interest of The United States of America is superior to that of Century Bank.

6.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

7.    Without knowledge, therefore denied.  Specifically denied that any interest of The United States of America is superior to that of Century Bank.

8.    Admit.

9.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

10.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

11.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

12.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

13. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

14. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

15. Without knowledge, therefore denied.  Specifically denied that any interest of The United States of America is superior to that of Century Bank.

16. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

17. Without knowledge, therefore denied.  Specifically denied that any interest of The United States of America is superior to that of Century Bank.

18. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

19. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

20. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

21. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

22. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

23. Century Bank realleges as above.

24. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

25. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

26. Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

///

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

27.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

28.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

29.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

30.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

31.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

32.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

33.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

34.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

35.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

36.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

37.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

38.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

39.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

40.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM

1    41.    Without knowledge, therefore denied. Specifically denied that any interest of The
2  United States of America is superior to that of Century Bank.
3    42.    Without knowledge, therefore denied. Specifically denied that any interest of The
4  United States of America is superior to that of Century Bank.
5    43.    Without knowledge, therefore denied. Specifically denied that any interest of The
6  United States of America is superior to that of Century Bank.
7    44.    Without knowledge, therefore denied. Specifically denied that any interest of The
8  United States of America is superior to that of Century Bank.
9    45.    Without knowledge, therefore denied. Specifically denied that any interest of The
10  United States of America is superior to that of Century Bank.
11    46.    Without knowledge, therefore denied. Specifically denied that any interest of The
12  United States of America is superior to that of Century Bank.
13    47.    Without knowledge, therefore denied. Specifically denied that any interest of The
14  United States of America is superior to that of Century Bank.
15    48.    Without knowledge, therefore denied. Specifically denied that any interest of The
16  United States of America is superior to that of Century Bank.
17    49.    Without knowledge, therefore denied. Specifically denied that any interest of The
18  United States of America is superior to that of Century Bank.
19    50.    Without knowledge, therefore denied. Specifically denied that any interest of The
20  United States of America is superior to that of Century Bank.
21    51.    Without knowledge, therefore denied. Specifically denied that any interest of The
22  United States of America is superior to that of Century Bank.
23    52.    Without knowledge, therefore denied. Specifically denied that any interest of The
24  United States of America is superior to that of Century Bank.
25    53.    Without knowledge, therefore denied. Specifically denied that any interest of The
26  United States of America is superior to that of Century Bank.
27    54.    Without knowledge, therefore denied. Specifically denied that any interest of The
28  United States of America is superior to that of Century Bank.

770 L Street, Suite 950 Sacramento, Ca

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

55.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

56.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

57.    Denied to the extent that Century Bank has an interest in the property as a mortgagee holding a properly recorded First Deed of Trust. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

58.    Admit.

59.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

60.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

61.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

62.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

63.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

64.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

65.    Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

66.    This paragraph is missing from the Complaint served on Century Bank.  Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

67.    This paragraph is missing from the Complaint served on Century Bank.  Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM

68.     This paragraph is missing from the Complaint served on Century Bank.  Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

69.     This paragraph is missing from the Complaint served on Century Bank.  Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

70.     Century Bank realleges as above.

71.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

72.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

73.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

74.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

75.     Without knowledge, therefore denied.  Specifically denied that any interest of The United States of America is superior to that of Century Bank.

76.     Century Bank realleges as above.

77.     Without knowledge, therefore denied.  Specifically denied that any interest of The United States of America is superior to that of Century Bank.

78.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

79.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

80.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

81.     Without knowledge, therefore denied. Specifically denied that any interest of The United States of America is superior to that of Century Bank.

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

1    82.    Century Bank realleges as above.

2    83.    Without knowledge, therefore denied. Specifically denied that any interest of The

3    United States of America is superior to that of Century Bank.

4    84.    Without knowledge, therefore denied. Specifically denied that any interest of The

5    United States of America is superior to that of Century Bank.

6    85.    Without knowledge, therefore denied. Specifically denied that any interest of The

7    United States of America is superior to that of Century Bank.

8    86.    Without knowledge, therefore denied.  Specifically denied that any interest of The

9    United States of America is superior to that of Century Bank.

10    87.    Without knowledge, therefore denied.  Specifically denied that any interest of The

11    United States of America is superior to that of Century Bank.

12    88.    Without knowledge, therefore denied. Specifically denied that any interest of The

13    United States of America is superior to that of Century Bank.

14    **CENTURY BANK'S AFFIRMATIVE DEFENSES**

15    **FIRST AFFIRMATIVE DEFENSE**

16    The property known as 205 SE Spanish Trail, Boca Raton, Florida , which Century Bank

17    has the first mortgage on, was not used to commit and/or to facilitate the commission of a drug

18    felony, and is not subject to forfeiture.

19    **SECOND AFFIRMATIVE DEFENSE**

20    There is no substantial connection between the property known as 205 SE Spanish Trail,

21    Boca Raton, Florida, which Century Bank has the first mortgage on, and the alleged offense

22    claimed by The United States of America.

23    **THIRD AFFIRMATIVE DEFENSE**

24    Century Bank is an innocent owner as that term is used in 18 U.S.C.A. §983(d)(1), and

25    the case law interpreting same, and because that is so, Century Bank's interest is not subject to

26    forfeiture.  Specifically, 18 U.S.C.A. §983(d)(1) provides that "An innocent owner's interest in

27    property shall not be forfeited under any civil forfeiture statute".

28    ///

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

1

### FOURTH AFFIRMATIVE DEFENSE

2
3

Century Bank's recorded first mortgage is superior in all ways to the claim of The United States of America, including but not limited to The United States of America's lis pendens.

4

### FIFTH AFFIRMATIVE DEFENSE

5
6
7
8
9
10
11
12

At the time Century Bank closed on the mortgage, no action was pending, no indictments had been issued, and the United States of America had no interest in the property Century Bank holds a mortgage on.  Furthermore, Century Bank was a bona fide seller for value with regard to its mortgage interest, and Century Bank did not know and was reasonably without cause to believe that the property was or would be subject to forfeiture, and Century Bank did not know of any criminal or illegal conduct with regard to the loan transaction.  Century Bank had never been part of any illegal drug activity and had never witnessed any taking place.  Accordingly, Century Bank's interest is not subject to forfeiture.

13

### SIXTH AFFIRMATIVE DEFENSE

14
15
16
17

Century Bank is an innocent owner as that term is used in 18 U.S.C.A. §983(d)(1), and because that is so, Century Bank's interest is not subject to forfeiture.  Specifically, 18 U.S.C.A. §983(d)(1) provides that "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute".

18

### SEVENTH AFFIRMATIVE DEFENSE

19
20
21

If The United States of America is successful in its forfeiture against Century Bank, such action would constitute an unconstitutional taking of Century Bank's vested and recorded interest in the property.

22

///

23

///

24

///

25

///

26

///

27

///

28

///

- 12 -

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

## AFFIRMATIVE DEFENSE PRAYER FOR RELIEF

Wherefore, Century Bank requests that if this Court finds that The United States of America's allegations are otherwise proven by the relevant standard of proof, and that if The United States of America's complaint would otherwise prevail, that The United States of America's complaint still be denied in whole or part due to Century Bank's affirmative defenses lodged herein.

Dated: August 29, 2007                    Respectfully submitted:

By: ___/s/ Jeffrey J.A. Hinrichsen_____
Jeffrey J.A. Hinrichsen (SBN: 204269)
Tharpe & Howell.
770 L. Street, Suite 950
Sacramento, CA 95814
Phone: 916-449-3395
Fax:    916-449-8275
Email: jhinrichsen@tharpe-howell.com
Web :  www.tharpe-howell.com
Attorneys for Century Bank, FSB

THARPE & HOWELL

- 13 -

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**

## VERIFICATION

I, FRANCESCA M. SEDINI, state as follows:

1.    I am the Senior Vice President of the Residential Loan Operation for Century Bank, FSB ("Century Bank). I am familiar with the facts relating to the mortgage interest of Century Bank on the property located at 205 SE Spanish Trail, Boca Raton, Florida.

2.    I have read the Complaint for Forfeiture, and the Answer and Statement of Claim. Based upon review of relevant material pertaining to the mortgage interest of Century Bank, I believe that the allegations contained as outlined hereon, in the Answer and Statement of Claim are true.

I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge.

Executed this 27 day of August, 2007, in Sarasota, Florida.

FRANCESCA M. SEDINI

G:\Data\21703\Answer and Statement of Claim - Final Final.wpd

- 14 -

CLAIM AND ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE

**CERTIFICATE OF SERVICE**

1

2       I am employed in the County of Sacramento, State of California. I am over the age of 18 and
3   not a party to the within action; my business address is: 770 L Street, Suite 950, Sacramento,
    California, 95814.

4       I certify that on August 29, 2007, I electronically filed the foregoing document described as
5   **ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT
    OF CLAIM** with the Clerk of the United States District Court for the Northern Division of
6   California using the CM/ECF system and served the same on the interested parties in this action by
    placing a true original/copy thereof enclosed in sealed envelope addressed as follows:

7
    **STEPHANIE M. HINDS**                         **Attorney Representing**
8   **Assistant United States Attorney**           **Plaintiff United States of America**
    **450 Golden Gate Avenue**
9   **Box 36055**
    **San Francisco, CA 94102**
10  **Telephone: (415) 436-6816**
    **Facsimile: (415) 436-6748**
11  stephanie.hinds@usdoj.gov

12  ☒      (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing
13  correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service
    on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course
14  of business. I am aware that on motion of the party served, service is presumed invalid if postal
    cancellation date or postage meter date is more than one day after date of deposit for mailing in
15  affidavit.

16  ☐      (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to a
    representative of the addressee.
17
18  ☐      (BY FACSIMILE) I served the foregoing document described above on all interested parties
    in this action by sending the document via facsimile pursuant to Rule 2005. The parties' fax
    numbers that I used is listed above.
19
20  ☐      (BY FEDEX) I caused an envelope to be hand-delivered to a representative of FEDEX at
    Sacramento, California; whereupon said envelope is to be delivered by hand to a representative of
    the addressee on the next business day.
21
22      Executed on August 29, 2007, at Sacramento, California.

23      I declare under penalty of perjury, under the laws of the State of California that the foregoing
    is true and correct.

24

25                          /s/ Kristin Leslie
                          Kristin Leslie
26

27

28

**ANSWER TO GOVERNMENT'S COMPLAINT FOR FORFEITURE AND STATEMENT OF CLAIM**