1  JEFFREY J.A. HINRICHSEN, SBN 204269
   THARPE & HOWELL
2  2555 3rd Street, Suite 110
   Sacramento, California 95818
3  Telephone: (916) 475-1600
   Facsimile: (916) 475-1606
4
   Attorneys for Third Party Defendant
5  CENTURY BANK, FSB

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                           SAN JOSE DIVISION

10

11 | UNITED STATES OF AMERICA,          ) Case No. C-07-03874 RMW
                                        ) *Complaint Filed: July 27, 2007*
12 |              Plaintiff,            ) *Assigned to: Ronald M. Whyte*
                                        )
13 | v.                                 ) **DECLARATION OF JOHN O'NEILL IN
                                        ) SUPPORT OF CENTURY BANK, FSB'S
14 | REAL PROPERTY AND                  ) MOTION FOR DECLARATORY
   | IMPROVEMENTS LOCATED AT 205 SE     ) JUDGMENT**
15 | SPANISH TRAIL, BOCA RATON,         )
   | FLORIDA,                           ) [Filed concurrently with Motion for
16 |              Defendants.           ) Declaratory Judgment; Declaration of Jeffrey
                                        ) Hinrichsen; [Proposed] Order]
17 |                                    )
                                        DATE:  April 18, 2008
18                                      TIME:  9:00 a.m.
                                        DEPT:  6
19

20

21       I, John O'Neill, declare as follows:

22       1.      I am the President for Century Bank, FSB. I have personal knowledge, or am

23 informed and believe, that the matters set froth herein are true and, if called as a witness could

24 and would testify competently thereto.

25       2.      Michael Arnold negotiated his loan with Century Bank, FSB through an

26 independent loan broker in order to obtain a Mortgage and Note for the purchase of real property

27 located at 205 SE Spanish Trial, Boca Raton, Florida ("the Property").

28 ///

---
- 1 -
**DECLARATION OF JOHN O'NEILL**

1      3.    On December 19, 2007, Mr. Arnold executed a valid Purchase Money Mortgage
2  for the Property in the amount of $5,370,000.00.
3      4.    At no time, from the beginning of negotiations with Mr. Arnold until the Note
4  was signed, was Century Bank, or any of its representatives, suspicious of the loan transaction
5  with Mr. Arnold
6      5.    At no time before the commencement of the Government's forfeiture proceedings
7  did Century Bank, or any of its representatives, become aware of any criminal or illegal conduct
8  with regard to the loan transaction or Mortgage until being put on notice of the within lawsuit.
9      6.    At no time before the commencement of the Government's forfeiture proceedings
10 did Century Bank, or any of its representatives, become aware that Mr. Arnold was under
11 investigation because of any alleged criminal or illegal conduct.
12     7.    From the time negotiations with Mr. Arnold began and until December 21, 2006,
13 when Century Bank recorded its mortgage on the Property, no action was pending against Mr.
14 Arnold, no indictments had been issued against Mr. Arnold, and the Government had no interest
15 in the Property.
16     I certify under penalty of perjury under the laws of the United States of America that the
17 foregoing is true and correct.

19     Dated this 10 day of February, 2008 at Sarasota, Florida.

21     CENTURY BANK, FSB

22     By: _____
23     Its: President

-2-
**DECLARATION OF JOHN O'NEILL**

# CERTIFICATE OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2555 3rd Street, Suite 110, Sacramento, California 95818.

I certify that on March 12, 2008, I electronically filed the foregoing document described as **Declaration of John O'Neill in Support of Century Bank, FSB's Motion for Declaratory Judgment** with the Clerk of the United States District Court for the Northern Division of California using the CM/ECF system and served the same on the interested parties in this action by placing a true original/copy thereof enclosed in sealed envelope addressed as follows:

| | |
|---|---|
| **STEPHANIE M. HINDS**<br>**Assistant United States Attorney**<br>**450 Golden Gate Avenue**<br>**Box 36055**<br>**San Francisco, CA 94102**<br>**Telephone: (415) 436-6816**<br>**Facsimile: (415) 436-6748**<br>stephanie.hinds@usdoj.gov | **Attorney Representing**<br>**Plaintiff United States of America** |
| **EDWARD W. SWANSON**<br>**Swanson, McNamara & Haller LLP**<br>**300 Montgomery Street, Suite 1100**<br>**San Francisco, CA 94104**<br>**Telephone: (415) 477-3800**<br>**Facsimile: (415) 477-9010** | **Attorney Representing**<br>**Michael Arnold** |

☒ (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

❏ (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to a representative of the addressee.

❏ (BY FACSIMILE) I served the foregoing document described above on all interested parties in this action by sending the document via facsimile pursuant to Rule 2005. The parties' fax numbers that I used is listed above.

❏ (BY FEDEX) I caused an envelope to be hand-delivered to a representative of FEDEX at Sacramento, California; whereupon said envelope is to be delivered by hand to a representative of the addressee on the next business day.

Executed on March 12, 2008, at Sacramento, California.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

*Kristin Leslie*
Kristin Leslie

**DECLARATION OF JOHN O'NEILL**