1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. C-07-03874 RMW |
|---|---|---|
| | ) | *Complaint Filed: July 27, 2007* |
| Plaintiff, | ) | *Assigned to: Ronald M. Whyte* |
| | ) | |
| v. | ) | **[PROPOSED] ORDER TO CENTURY BANK, FSB'S MOTION FOR DECLARATORY JUDGMENT** |
| | ) | |
| REAL PROPERTY AND IMPROVEMENTS LOCATED AT 205 SE SPANISH TRAIL, BOCA RATON, FLORIDA, | ) | |
| | ) | [Filed concurrently with Motion for Declaratory Judgment; Declaration of Hinrichsen; Declaration of O'Neill] |
| Defendants. | ) | |
| | ) | DATE: April 18, 2008 |
| | | TIME: 9:00 a.m. |
| | | DEPT: 6 |

The motion of CENTURY BANK for an order granting Declaratory Judgment came on for hearing in Department 6 of this Court on April 18, 2008.

Having read the motion, the points and authorities and declarations filed by all parties, and having heard the argument of counsel:

IT IS ORDERED THAT CENTURY BANK'S motion is granted.

IT IS FURTHER ORDERED THAT:

1. Century Bank, FSB ("Century Bank") is a federally chartered savings bank and holds the first mortgage ("the Mortgage") on the real property located at 205 SE Spanish Trail, Boca Raton, Florida ("the Property).

- 1 -

**[PROPOSED] ORDER RE: DECLARATORY JUDGMENT**

1      2.    The United States of America ("the Government") instituted a Complaint for Forfeiture and filed a lis pendens against the Property on August 10, 2007.

3      3.    The Mortgage on the Property secures a Revolving Promissory Note ("the Note") dated December 19, 2006 for the amount of $5,370,000.00, and is payable in accordance with the terms and conditions of said Note.

6      4.    Century Bank's interest in the within Complaint for Forfeiture, stems from its Note, Mortgage and other loan documents, and its interest in the Property is superior to any interest of the Government and all other known Defendants.

9      5.    Any alleged violations involving the Property which is or may be subject to forfeiture to the Government occurred without the knowledge, consent or participation of Century Bank.

12      6.    Century Bank is an innocent owner as that term is used in 18 U.S.C.A. §983(d)(1) and elsewhere in the United States Code, and because that is so, Century Bank's interest is not subject to forfeiture.

15      7.    Century Bank is an "owner" and is able to maintain the protections afforded it under 18 U.S.C.A. §983.

17      8.    If the Note, Mortgage or loan documents of Century Bank go into default for any reason, Century Bank is entitled to all of its rights and remedies under those documents regardless of who owns legal or equitable title to the Property, and regardless of whether or not the Government has completed any forfeiture of the property.

21      9.    Additionally but not by limitation, in the event of any default in the Note, Mortgage or loan documents, Century Bank may accrue and collect interest at the highest rate allowable under Florida law with respect to the Government.

24      10.    Florida law shall govern in the event of any default under the Note, Mortgage or loan documents, and Century Bank shall bring that action in the Circuit Court in the county in Florida where the property is located.

27  ///

28  ///

**[PROPOSED] ORDER RE: DECLARATORY JUDGMENT**

11. Should the Government assume ownership of the property, prior to any default by Michael Arnold, through forfeiture order or otherwise, it shall pay the then current amount due under the Note, Mortgage and other loan documents, including allowable interest, fees and penalties, within 30 days of assuming such ownership. If the Government fails to pay the then current amount due within 30 days, the interest rate shall increase to the highest allowable default rate as defined under Florida law until the total amount outstanding is paid in full and Century Bank shall be entitled to commence immediate foreclosure or any and all other actions allowable under the loan documents.

12. Century Bank has expended funds for attorney's fees and costs in defending this matter, which are properly chargeable against the account of its customer, and that Century Bank shall retain the right to have these charges be secured by the Note, Mortgage and loan documents.

Dated: _____, 2008

_____
**JUDGE OF THE DISTRICT COURT**

# CERTIFICATE OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2555 3rd Street, Suite 110, Sacramento, California 95818.

I certify that on March 12, 2008, I electronically filed the foregoing document described as **[Proposed] Order to Century Bank, FSB's Motion for Declaratory Judgment** with the Clerk of the United States District Court for the Northern Division of California using the CM/ECF system and served the same on the interested parties in this action by placing a true original/copy thereof enclosed in sealed envelope addressed as follows:

| | |
|---|---|
| **STEPHANIE M. HINDS**<br>**Assistant United States Attorney**<br>**450 Golden Gate Avenue**<br>**Box 36055**<br>**San Francisco, CA 94102**<br>**Telephone: (415) 436-6816**<br>**Facsimile: (415) 436-6748**<br>stephanie.hinds@usdoj.gov | **Attorney Representing**<br>**Plaintiff United States of America** |
| **EDWARD W. SWANSON**<br>**Swanson, McNamara & Haller LLP**<br>**300 Montgomery Street, Suite 1100**<br>**San Francisco, CA 94104**<br>**Telephone: (415) 477-3800**<br>**Facsimile: (415) 477-9010** | **Attorney Representing**<br>**Michael Arnold** |

☒ (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to a representative of the addressee.

☐ (BY FACSIMILE) I served the foregoing document described above on all interested parties in this action by sending the document via facsimile pursuant to Rule 2005. The parties' fax numbers that I used is listed above.

☐ (BY FEDEX) I caused an envelope to be hand-delivered to a representative of FEDEX at Sacramento, California; whereupon said envelope is to be delivered by hand to a representative of the addressee on the next business day.

Executed on March 12, 2008, at Sacramento, California.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

*Kristin Leslie*
Kristin Leslie