JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-6816
  Facsimile: (415) 436-6748
  email:    stephanie.hinds@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.  C 07-3874 RMW |
| Plaintiff, ) | |
| v. ) | **UNITED STATES' OPPOSITION TO CENTURY BANK'S MOTION FOR DECLARATORY JUDGMENT** |
| REAL PROPERTY AND IMPROVEMENTS LOCATED AT 205 SE SPANISH TRAIL, BOCA RATON, FLORIDA , ) | |
| Defendant. ) | |

      Styled as a motion for declaratory judgment, lienholder claimant Century Bank, FSB, actually

seeks an order from this Court permitting it to improperly commence foreclosure proceedings in state

court against the defendant real property should the property owner, Michael Arnold, default on his

mortgage payments to Century Bank.  For the reasons set forth below, however, Century Bank's motion

should be dismissed.  First, this forfeiture action provides Century Bank with an adequate legal remedy to

address and resolve its interest in the defendant real property.  Second, this federal forfeiture action

deprives a Florida state court of any jurisdiction to address and resolve Century Bank's interest in the

defendant real property.  Third, should the property owner default on his mortgage, the parties can seek

an order from this Court permitting the interlocutory sale of the defendant real property such that Century

Bank (assuming it has a valid, non-forfeitable interest) can recover its interest in the property prior to the resolution of the forfeiture case; and indeed, the parties are currently negotiating said arrangement. Accordingly, for each of these reasons, the Court should deny Century Bank's motion for declaratory judgment.

## STATEMENT OF RELEVANT FACTS

On July 27, 2007, the United States commenced this civil forfeiture action against the defendant real property located at 205 S.E. Spanish Trail, Boca Raton, Florida (hereinafter "defendant real property"). See Declaration of Stephanie Hinds, Exhibit A. In its complaint, the government alleges that the defendant real property, which is currently owned by claimant Michael Arnold, constitutes, and is traceable to, proceeds from the unlawful distribution of controlled substances in violation of Title 21, United States Code, Section 841(a)(1); and thus subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6). In addition, the complaint alleges that the defendant real property constitutes property involved in, or traceable to, money laundering transactions, in violation of Title 18, United States Code, Sections 1956 and 1957, and thus subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A). Id. at p. 2.

Specifically, the forfeiture complaint alleges that since at least 2003 and continuing through July 2007, Arnold and others known and unknown to law enforcement, participated in a conspiracy to distribute Schedule III and IV controlled substances to residents in the Northern District of California and throughout the United States. The complaint further alleges that Arnold laundered the proceeds from his illicit drug trafficking activities through the offshore and domestic financial institutions and through the use and acquisition of real and personal property, including the defendant real property. Id. at p. 9.

Arnold purchased the defendant real property on or about December 18, 2006, for $8,950,000 with a downpayment of $6,268,026 consisting of multiple wire transfers and cashiers checks drawn on one of Arnold's bank accounts in which the government alleges his criminal proceeds were deposited. The remainder of the purchase price was financed by Century Bank. Id. at p. 25.

On September 17, 2007, claimant Michael Arnold filed a verified claim asserting an ownership interest into the defendant real property. On August 29, 2007, lienholder Century Bank, FSB, filed a

OPPOSITION RE MOTION
FOR DECLARATORY JUDGMENT
C 07-3874 RMW                                                    2

1    verified claim and answer, asserting an interest in the defendant real property.

2        The United States and Arnold have agreed to a stay of the forfeiture case while the criminal

3    investigation is pending.  While the action has been stayed, the parties have been negotiating an

4    interlocutory sale of the defendant property.  Hinds Decl., ¶ 4.  Under the proposed terms of sale, Century

5    Bank's lien shall be paid from the proceeds generated from the sale of the property.  Id., Exhibit 2.  Until

6    recently, Century Bank was not in favor of the interlocutory sale; rather, it proposed that the government

7    permit it to commence a foreclosure action in state court against the defendant real property.  Id.  at ¶ 4.

8    For the reasons set forth herein, the government has and continues to oppose said action.

9        On February 12, 2008, Century Bank filed the instant motion which seeks a judgment declaring

10    its interest in the defendant real property superior to that of the United States and an order from this

11    Court authorizing the commencement of a state foreclosure action against the defendant real property in

12    the event of a default.

13                    **SUMMARY OF ARGUMENT**

14        Under the relation back doctrine, which is embodied in Title 18, United States Code, Section

15    981(f), the government's interest in property subject to forfeiture vests upon the commission of the act

16    giving rise to the forfeiture.  Here, the forfeiture complaint alleges that Arnold purchased the defendant

17    real property with criminal proceeds obtained as a result of his participation in a conspiracy to unlawfully

18    distribute controlled substances between 2003 and July 2007.  Arnold laundered his criminal proceeds

19    through domestic and offshore financial institutions and used those funds to purchase various assets,

20    including the defendant real property in December 2006.  Given that the government alleges that the

21    defendant real property was acquired with criminal proceeds, Century Bank, who holds a valid mortgage

22    interest in the property, cannot establish a pre-existing ownership interest in the property under Title 18,

23    United States Code, Section 983(d)(2).  *See United States v.  Hooper*, 229 F.3d 818, 821-22 (9th Cir.

24    2000) (because proceeds do not exist before the commission of the underlying offense, a claimant can

25    never assert a pre-existing interest in the forfeiture of criminal proceeds)  Rather, as a lienholder to

26    property purchased with criminal proceeds Century Bank is limited to establishing its innocent ownership

27

28    OPPOSITION RE MOTION
      FOR DECLARATORY JUDGMENT
      C 07-3874 RMW                                                                    3

1  interest in the property as a bona fide purchaser for value without reason to know that the property was

2  subject to forfeiture under Title 18, United States Code, Section 983(d)(3).  Under the that standard,

3  Century cannot establish an interest superior to that of the government in the defendant real property.

4      Moreover, by virtue of this civil forfeiture action, this Court has exclusive *in rem* jurisdiction

5  over the defendant real property.  Accordingly, both the rules of comity and the Supremacy Clause bar

6  Century Bank from commencing a state court foreclosure action against the defendant real property.

7      Finally, the government and property owner - Michael Arnold – are currently negotiating terms

8  for an interlocutory sale of the defendant real property which would provide for the satisfaction of the

9  mortgage lien held by Century Bank upon the sale of the property.  Thus, the civil forfeiture action

10  provides an adequate remedy for Century Bank to recover its interest in the defendant real property.  This

11  Court should therefore deny its motion for declaratory relief.

**ARGUMENT**

12

13  A.  CENTURY BANK DOES NOT HAVE AN INTEREST IN THE DEFENDANT REAL
        PROPERTY SUPERIOR TO THAT OF THE UNITED STATES

14

15      The government does not dispute that Century Bank has a valid mortgage lien on the defendant

16  real property.  However, the government does challenge Century Bank's claim that its interest is superior

17  to that of government. While Century Bank correctly notes that state law determines a claimant's

18  property interest, federal law determines whether claimant's interest is forfeitable.  *United States v.*

19  *Lester*, 85 F.3d 1409, 1412 (9th Cir.  1996) (court looks to state law to see what interest claimant has in

20  the property, and looks to federal statute to see if that property interest is subject to forfeiture); *United*

21  *States v.  5 S.351 Tuthill Road*, 233 F.3d 1017, 1021 (7th Cir.  2000) ("State law defines and classifies

22  property interests for purposes of the of the forfeiture statutes, while federal law determines the effect of

23  that interest").

24      A claimant who has an innocent ownership interest in the property subject forfeiture will not be

25  deprived of its property interest.  The innocent owner defense is codified in Title 18, United States Code,

26  Section 983(d).  Section 983(d) divides the innocent owner defense into two categories: those owners

27  with pre-existing interests in the property are governed under section 983(d)(2); while those owners with

28

OPPOSITION RE MOTION
FOR DECLARATORY JUDGMENT
C 07-3874 RMW                                                                          4

1   after-acquired interests in the property are governed under section 983(d)(3).  The former provision

2   focuses on whether a claimant was the owner of the property at the time that the crime occurred.  The

3   latter provision focuses on whether the claimant acquired the property as a bona-fide purchaser for value

4   and whether the owner was aware at the time it acquired that interest that the property was subject to

5   forfeiture.  Each provision, however, requires that the claimant owner be innocent and/or without

6   knowledge that the property is subject to forfeiture.  Id.  These provisions are mutually exclusive and

7   wholly depends upon when the owner acquired its interest in the property.

8        Under the relation back doctrine codified in Title 18, United States Code, Section 981(f), the

9   government's interest in the defendant real property vests at the time of the commission of the act which

10  gives rise to the property being subject to forfeiture.   In this action, the government contends that its

11  interests in the defendant real property vests at the time Arnold used the proceeds from his alleged drug

12  trafficking and money laundering activities to acquire the defendant real property – prior to the time that

13  he obtained the mortgage from Century Bank.  As such, Century Bank's claim to the defendant real

14  property is based on an after-acquired property interest under section 983(d)(3).  *See United States v.*

15  *Hooper*, 229 F.3d 818, 821-22 (9th Cir. 2000) (because proceeds do not exist before the commission of

16  the underlying offense, a claimant can never assert a pre-existing interest in the forfeiture of criminal

17  proceeds); *United States v. Martinez*, 228 F.3d 587, 590 (5th Cir.  2000) (spouse cannot assert marital

18  interest in property acquired with criminal proceeds because relation back doctrine bars the wife from

19  ever acquiring interest in criminal proceeds).  Accordingly, Century Bank's claim, which post-dates the

20  criminal activity which gives rise to this forfeiture action, is not superior to that of the United States.

21      B.  THE FEDERAL COURT HAS EXCLUSIVE IN REM JURISDICTION OVER THE
            DEFENDANT REAL PROPERTY THUS BARRING THE COMMENCEMENT OF STATE
22          FORECLOSURE PROCEEDINGS

23       This forfeiture action provides this Court with exclusive *in rem* jurisdiction over the defendant

24  real property.  Many courts, applying the principles of comity, have precluded claimants to property

25  subject to forfeiture from commencing separate actions seeking to circumvent the federal forfeiture

26  proceedings.  *See Pacheco v. Serendensky*, 393 F.3d 348, 353 (2d Cir.  2004) (third party barred from

27

seeking foreclosure on property subject to criminal forfeiture); *United States v. Phillips*, 185 F.3d 183, 188 (4th Cir. 1999) (third party cannot commence foreclosure action to recover lienholder's interest in forfeited real property even though defendant has stopped paying his mortgage). This situation is no different. Given the pendency of this federal forfeiture action and the Court's exclusive jurisdiction over the defendant real property, the Court should not permit Century Bank to commence foreclosure proceedings in a Florida state court.

C.  AN INTERLOCUTORY SALE OF THE DEFENDANT PROPERTY PROTECTS CENTURY BANK'S INTEREST

Since nearly the inception of the case, the government and Arnold have been discussing the terms of a proposed interlocutory sale of the defendant real property. Under the terms of the sale, Century Bank's interest would be paid from the proceeds of the sale and the remaining net proceeds would be substituted as the defendant res in the action. Hinds Decl., Exhibit 2. The proposal also required Arnold to keep current with his mortgage payments until the property was sold. Until very recently, Century Bank was resistant to this proposal and had refused to provide any payoff information to permit the parties to finalize the proposal. (Century Bank has since provide a payoff statement and the parties are currently finalizing the terms of the agreement). Given that the proposed interlocutory sale of the defendant property seeks to avoid deterioration and waste of the property while the civil action is stayed, it provides Century Bank with an adequate legal remedy to address its interest in the defendant property. *See United States v. One Parcel . . . Lot 41, Berryhill Farm*, 128 F.3d 1386, 1390 (10th Cir. 1997) (interlocutory sale of residence while civil case was stayed pending criminal trial avoided waste and expense and allowed the government to satisfy mortgage that defendant had stopped paying). Thus, the Court need not exercise its equitable jurisdiction and grant Century Bank's request for declaratory relief.

/ /

/ /

OPPOSITION RE MOTION
FOR DECLARATORY JUDGMENT
C 07-3874 RMW                                                                   6

1

**CONCLUSION**

2

     For the foregoing reasons, the government respectfully requests that Century Bank's motion for

3

declaratory relief be denied.

4

DATED: March 28, 2008          Respectfully submitted,

5

          JOSEPH P.  RUSSONIELLO
          United States Attorney

6

7

8

            /s/

9

          _____
          STEPHANIE M.  HINDS
          Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION RE MOTION
FOR DECLARATORY JUDGMENT
C 07-3874 RMW