SCOTT N. SCHOOLS (SCBN 9990)  **DRAFT**
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6816
    Facsimile: (415) 436-6748
    email:   stephanie.hinds@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. C 07-3874 RMW |
|                 Plaintiff, ) | |
| v. ) | **JOINT MOTION AND PROPOSED ORDER RE INTERLOCUTORY SALE OF DEFENDANT PROPERTY** |
| REAL PROPERTY AND IMPROVEMENTS LOCATED AT 205 SE SPANISH TRAIL, BOCA RATON, FLORIDA, ) | |
|                 Defendant. ) | |

      Plaintiff, United States of America, claimant-owner Michael Arnold (ARNOLD) and claimant-lienholder Century Bank, FSB (BANK), by and through undersigned counsel, hereby move for a court order authorizing the immediate interlocutory sale, pursuant to the terms set forth herein, for the defendant real property and improvements located at 205 SE Spanish Trail, Boca Raton, Florida, and further described as:

      **Lots 11 & 12, BOCA RATONE POR LA MAR 2ND AMENDED PLAT, according to the Plat thereof on file in Plat Book 20 at Page 7, of the Public Records of Palm Beach County.**

///

**TOGETHER WITH the South 15.82 feet of Lot 10, BOCA RATONE POR LA MAR 2ND AMENDED PLAT, according to the Plat thereof on file in Plat Book 20 at Page 7, of the Public Records of Palm Beach County, Florida.**

**LESS AND EXCEPT THEREFROM the South 37.75 feet of Lot 12, BOCA RATONE POR LA MAR 2ND AMENDED PLAT, according to the Plat thereof on file in Plat Book 20 at Page 7, of the Public Records of Palm Beach County, Florida.**

**Said lands situate, lying and being in Palm Beach County, Florida.**

**Parcel ID Number: 06-43-47-28-02-000-0102**

1. On July 27, 2007, plaintiff filed a civil complaint seeking forfeiture of the defendant real property, alleging that the defendant real property constitutes, and is traceable to, proceeds from the unlawful distribution of controlled substances in violation of Title 21, United States Code, Section 841(a)(1) and as property involved in, or traceable to, money laundering transactions, in violation of Title 18, United States Code, Sections 1956 and 1957.

2. ARNOLD is the record owner of the defendant real property.

3. BANK holds a valid lien against the defendant real property secured by a Mortgage dated December 19, 2006, in the original amount of $5,370,000.00 (hereinafter "Note"). **[The property owner, ARNOLD, has not made any payments on the Note since _____. Accordingly, the Note is currently in default. As of December ____, 2007, the total amount due and owing to BANK is $___ _____.]**

4. The parties agree that the above-identified property will be sold by the United States Marshals Service (USMS) pursuant to the following terms:

    a. The USMS will sell the property in the most commercially feasible manner.

    b. In furtherance of the interlocutory sale, the USMS will retain a licensed, certified real estate appraiser to perform an appraisal of the property. ARNOLD agrees that he and his agents will fully cooperate with the USMS for purposes of the appraisal, in that they will allow the appraiser full access to the property.

    c. After the above-referenced appraisal has been completed, the Government will promptly forward a copy to the ARNOLD through his attorney of record, Edward Swanson. If ARNOLD disagrees with the value of the property determined by the appraiser retained by the USMS, ARNOLD shall have the right, at his own expense, to have the property

    appraised by a licensed certified real estate appraiser of his choosing. If the parties thereafter are unable to agree on a sales price for the property, the property shall be listed for an amount at least one-half of the difference between the two appraisals.

  d.  The property will be sold at a price no less than 85 percent of the agreed upon appraised value of the property, unless a sale at less than 85 percent is presented and approved by ARNOLD.

  e.  The Government may, in its sole discretion, reject any offer to purchase the property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

  f.  The purchase price of the property will be a cash price.

  g.  The net proceeds of the sale of the property will be deposited in an interest bearing account maintained by the government and substituted as the defendant *res* in this action pending a final judgment in this case.

  h.  The net proceeds from the sale of the property will include all money realized from the sale of the property, less the following, if applicable:

      I)  Real estate commissions, if any;

      ii)  The amounts due to BANK pursuant to the settlement agreement executed on \_\_\_\_ between the United States and BANK;

      iii)  Amounts due the holder of any other valid lien which was recorded prior to the time plaintiff's Notice of *Lis Pendens* was recorded;

      iv)  Real estate property taxes which are due and owing;

      v)  Insurance costs, if any;

      vi)  All costs incurred by the USMS in connection with the maintenance, repair, marketing and sale of the property;

      vii)  Escrow fees;

      viii)  Document recording fees not paid by the buyer;

      ix)  Title fees; and

      x)  County transfer taxes.

5. In furtherance of the Interlocutory Sale, ARNOLD agrees to execute promptly any documents which may be required to complete the interlocutory sale of the property.

6. **[IF MORTGAGE PAYMENTS ARE IN ARREARS]**:ARNOLD agrees that he will bring current the mortgage held by BANK which is currently in arrears, and will further keep all payments current until the interlocutory sale is completed and the mortgage held by BANK has been paid in full from the net proceeds of the sale of the property.

7. The parties agree that the ARNOLD will retain custody, control, and responsibility for the property until the interlocutory sale has been completed. ARNOLD further agrees that he will retain existing insurance on the property until the interlocutory sale has been completed.

8. The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

WHEREFORE, the United States, ARNOLD and BANK move that the Court enter an Order granting their joint motion for an interlocutory sale as proposed by the parties.

IT IS SO STIPULATED:

SCOTT N. SCHOOLS
United States Attorney

Dated: _____
STEPHANIE M. HINDS
Assistant United States Attorney

Dated: _____
EDWARD SWANSON
Attorney for Claimant Michael Arnold

Dated: _____
JEFFREY HINRICHSEN
Attorney for Claimant Century Bank, FSB

## **[PROPOSED] ORDER**

Based upon the joint motion of the parties, and good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

a. the Joint Motion for Interlocutory Sale of Property is granted;

b. the defendant real property and improvements located at 205 SE Spanish Trail, Boca Raton, Florida, and further described as:

> **Lots 11 & 12, BOCA RATONE POR LA MAR 2ND AMENDED PLAT, according to the Plat thereof on file in Plat Book 20 at Page 7, of the Public Records of Palm Beach County.**
>
> **TOGETHER WITH the South 15.82 feet of Lot 10, BOCA RATONE POR LA MAR 2ND AMENDED PLAT, according to the Plat thereof on file in Plat Book 20 at Page 7, of the Public Records of Palm Beach County, Florida.**
>
> **LESS AND EXCEPT THEREFROM the South 37.75 feet of Lot 12, BOCA RATONE POR LA MAR 2ND AMENDED PLAT, according to the Plat thereof on file in Plat Book 20 at Page 7, of the Public Records of Palm Beach County, Florida.**
>
> **Said lands situate, lying and being in Palm Beach County, Florida.**
>
> **Parcel ID Number: 06-43-47-28-02-000-0102**

will be sold pursuant to the terms set forth in the Joint Motion for Interlocutory Sale of Property.

c. The net proceeds of the sale of the defendant real property will be substituted for the above-described property and held by the United States Marshal Service in an interest bearing account pending final judgment in this action.

IT IS SO ORDERED.

DATED: _____
RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE