JEFFREY J.A. HINRICHSEN, SBN 204269
THARPE & HOWELL
2555 3rd Street, Suite 110
Sacramento, California 95818
Telephone: (916) 475-1600
Facsimile: (916) 475-1606

Attorneys for Third Party Defendant
**CENTURY BANK, FSB**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 205 SE SPANISH TRAIL, BOCA RATON, FLORIDA,<br>　　　　Defendants. | Case No. C-07-03874 RMW<br>*Complaint Filed: July 27, 2007*<br>*Assigned to: Ronald M. Whyte*<br><br>**CENTURY BANK, FSB'S REPLY TO UNITED STATES' OPPOSITION TO MOTION FOR DECLARATORY JUDGMENT**<br><br>DATE:　　June 20, 2008<br>TIME:　　9:00 a.m.<br>DEPT:　　6 |

**I.　CENTURY BANK'S INTEREST IN THE PROPERTY IS NOT SUBJECT TO FORFEITURE BECAUSE IT IS AN INNOCENT OWNER.**

　　The Government's opposition is unpersuasive in that it does not address the arguments made by Century Bank's moving papers. Century Bank asserts that since it is an innocent owner of the subject property, its interest is not subject to forfeiture. The Government's opposition does not address this argument, but instead asserts that Century Bank does not have a pre-existing ownership interest in the property. The Government reasons that since Century Bank's mortgage post-dated the criminal activity which financed the mortgage, Century Bank's interest is not superior to that of the Government. This argument fails to contradict the plain meaning of Title 18 U.S.C.A. §983(d)(1)

- 1 -
CENTURY BANK'S REPLY TO UNITED STATES OPPOSITION

provides that "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute". Accordingly, the court may enter an order declaring that Century Bank's interest in the Note and Mortgage secured by the subject property is not subject to forfeiture.

## II. CENTURY BANK HAS THE RIGHT TO SEEK FORECLOSURE ONLY UPON THE DEFAULT OF MR. ARNOLD.

The Government's opposition incorrectly asserts that Century Bank seeks to commence foreclosure proceedings in state court. Century Bank's Motion for Declaratory Judgment simply seeks a court order declaring its legal right to initiate foreclosure proceedings *in the event* that Mr. Arnold defaults on his obligations to pay the mortgage. The Government's opposition implies that Century Bank should be satisfied with the knowledge that the United States and Mr. Arnold are negotiating an interlocutory sale of the property. However, this case was filed in July of 2007, and to date, the property has not been sold. Further, Century Bank tried to informally resolve its issues with the Government prior to filing the within motion. Century Bank requested that the Government sign a stipulation that should Mr. Arnold default, foreclosure proceedings could be brought in Florida. The Government refused to sign the stipulation.

The court should grant Century Bank's Motion for Declaratory judgment which includes the request for an order allowing Century Bank to initiate foreclosure proceedings in Florida only upon the default of Mr. Arnold.

## III. THE GOVERNMENT'S PROMISE OF AN INTERLOCUTORY SALE IS NOT SUFFICIENT TO PROTECT CENTURY BANK'S INTEREST.

The Government argues against Century Bank's right to a declaratory judgment by again asserting that the property will be sold and Century Bank's mortgage satisfied. An interlocutory sale agreement and the requirements that Mr. Arnold keep his mortgage current does not protect Century Bank's interest. If Mr. Arnold defaults, there is no provision whereby Century Bank can foreclose on the property as provided in the mortgage documents. The Government is requesting that Century Bank take the risk and incur the expense, contrary to the mortgage documents and its obligation to its other depositors, to sit without payment on the mortgage until the government is satisfied with the terms of an interlocutory sale. The Government acknowledges that Century Bank is an innocent

THARPE & HOWELL
2555 3rd Street, Suite 110
Sacramento, California 95818

- 2 -
**CENTURY BANK'S REPLY TO UNITED STATES OPPOSITION**

1 owner and has a right to the mortgage yet argues that it is acceptable for Century Bank to bear a
2 multi-million dollar risk on the promise that the subject property will sell. Instead, the court should
3 grant Century Bank's request for declaratory relief in order to protect its rights in this matter.

**IV. CONCLUSION AND PROPOSED DECLARATORY JUDGMENT**

Declaratory relief is proper because the only controversy that exists between Century Bank and the Government is the primacy of Century Bank's rights to the property and what the proper remedy should be if Mr. Arnold defaults on his obligation to pay the Note. Century Bank does not wish to challenge the Government's right to bring a forfeiture action against the Property as it related to Mr. Arnold's claim of ownership. Century Bank requires only that its rights as the innocent owner and primary lien holder of the Property are protected. As Such, Century Bank respectfully requests the court grant the within motion for declaratory judgment and enter the following orders:

1. Century Bank, FSB ("Century Bank") is a federally chartered savings bank and holds the first mortgage ("the Mortgage") on the real property located at 205 SE Spanish Trail, Boca Raton, Florida ("the Property).

2. The United States of America ("the Government") instituted a Complaint for Forfeiture and filed a lis pendens against the Property on August 10, 2007.

3. The Mortgage on the Property secures a Revolving Promissory Note ("the Note") dated December 19, 2006 for the amount of $5,370,000.00, and is payable in accordance with the terms and conditions of said Note.

4. Century Bank's interest in the within Complaint for Forfeiture, stems from its Note, Mortgage and other loan documents, and its interest in the Property is superior to any interest of the Government and all other known Defendants.

5. Any alleged violations involving the Property which is or may be subject to forfeiture to the Government occurred without the knowledge, consent or participation of Century Bank.

6. Century Bank is an innocent owner as that term is used in 18 U.S.C.A. §983(d)(1) and elsewhere in the United States Code, and because that is so, Century Bank's interest is not subject to forfeiture.

7. Century Bank is an "owner" and is able to maintain the protections afforded it under

THARPE & HOWELL
2555 3rd Street, Suite 110
Sacramento, California 95818

- 3 -
**CENTURY BANK'S REPLY TO UNITED STATES OPPOSITION**

1 | 18 U.S.C.A. §983.

2 |     8.    If the Note, Mortgage or loan documents of Century Bank go into default for any reason, Century Bank is entitled to all of its rights and remedies under those documents regardless of who owns legal or equitable title to the Property, and regardless of whether or not the Government has completed any forfeiture of the property.

    9. Additionally but not by limitation, in the event of any default in the Note, Mortgage or loan documents, Century Bank may accrue and collect interest at the highest rate allowable under Florida law with respect to the Government.

    10. Florida law shall govern in the event of any default under the Note, Mortgage or loan documents, and Century Bank shall bring that action in the Circuit Court in the county in Florida where the property is located.

    11. Should the Government assume ownership of the property, prior to any default by Michael Arnold, through forfeiture order or otherwise, it shall pay the then current amount due under the Note, Mortgage and other loan documents, including allowable interest, fees and penalties, within 30 days of assuming such ownership. If the Government fails to pay the then current amount due within 30 days, the interest rate shall increase to the highest allowable default rate as defined under Florida law until the total amount outstanding is paid in full and Century Bank shall be entitled to commence immediate foreclosure or any and all other actions allowable under the loan documents.

    12. Century Bank has expended funds for attorney's fees and costs in defending this matter, which are properly chargeable against the account of its customer, and that Century Bank shall retain the right to have these charges be secured by the Note, Mortgage and loan documents.

Dated: April 4, 2008

**THARPE & HOWELL**

By: /s/
JEFFREY J.A. HINRICHSEN
Attorneys for Third Party Defendant
CENTURY BANK, FSB

**CENTURY BANK'S REPLY TO UNITED STATES OPPOSITION**

# CERTIFICATE OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2555 3rd Street, Suite 110, Sacramento, California 95818.

I certify that on April 4, 2008, I electronically filed the foregoing document described as **Reply to United States' Opposition to Century Bank, FSB's Motion for Declaratory Judgment;**, with the Clerk of the United States District Court for the Northern Division of California using the CM/ECF system and served the same on the interested parties in this action by placing a true original/copy thereof enclosed in sealed envelope addressed as follows:

**STEPHANIE M. HINDS**  
**Assistant United States Attorney**  
**450 Golden Gate Avenue**  
**Box 36055**  
**San Francisco, CA 94102**  
**Telephone: (415) 436-6816**  
**Facsimile: (415) 436-6748**  
**stephanie.hinds@usdoj.gov**

**Attorney Representing**  
**Plaintiff United States of America**

**EDWARD W. SWANSON**  
**Swanson, McNamara & Haller LLP**  
**300 Montgomery Street, Suite 1100**  
**San Francisco, CA 94104**  
**Telephone: (415) 477-3800**  
**Facsimile: (415) 477-9010**

**Attorney Representing**  
**Michael Arnold**

☒ (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to a representative of the addressee.

☐ (BY FACSIMILE) I served the foregoing document described above on all interested parties in this action by sending the document via facsimile pursuant to Rule 2005. The parties' fax numbers that I used is listed above.

☐ (BY FEDEX) I caused an envelope to be hand-delivered to a representative of FEDEX at Sacramento, California; whereupon said envelope is to be delivered by hand to a representative of the addressee on the next business day.

Executed on April 4, 2008, at Sacramento, California.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

*Kristin Leslie* (signature)  
Kristin Leslie

**CENTURY BANK'S REPLY TO UNITED STATES OPPOSITION**